# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

TRICIA R. SMITH,

    Plaintiff,

v.

MONTGOMERY COUNTY
PUBLIC SCHOOLS,

    Defendant.

Civil Action No. TDC-19-2052

## MEMORANDUM ORDER

Plaintiff Tricia R. Smith has filed this action against Defendant Montgomery County Public Schools ("MCPS") pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1482 (2018). Pending before the Court is MCPS's Motion to Dismiss. Having reviewed the filings, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, MCPS's Motion will be GRANTED.

## BACKGROUND

The IDEA "provides funds for states to educate children with disabilities, subject to conditions imposing substantive requirements on the education that is provided." *R.F. ex rel. E.F. v. Cecil Cty. Pub. Schs.*, 919 F.3d 237, 241 (4th Cir. 2019). Specifically, it requires that recipient states provide a "free appropriate public education" ("FAPE") to children with disabilities. 20 U.S.C. § 1412(a)(1)(A). Parents seeking to enforce their children's rights under the IDEA must begin by filing a due process complaint with the state agency designated to hear such complaints. *See id.* § 1415(b)(6), (f). The state agency must then hold an "impartial due process hearing" addressing the claims raised in the due process complaint. *Id.* § 1415(f). At the conclusion of the

administrative process, the parent may assert the same rights asserted in the due process complaint in a civil action in either state court or federal district court. *Id.* § 1415(i)(2).

On March 22, 2019, Smith filed with Maryland's Office of Administrative Hearings ("OAH") a due process complaint on behalf of her daughter, who has a cognitive disability. In the complaint, Smith claimed that her daughter's school had failed to provide a FAPE and had committed multiple IDEA procedural violations. As a remedy, she sought placement in a private school for her daughter. On May 20, 2019, an OAH administrative law judge ("ALJ") held a hearing on the complaint. The ALJ issued an order on May 31, 2019 finding that MCPS had neither denied Smith's daughter a FAPE and nor committed procedural IDEA violations, and that a private school placement was not warranted.

Separately, on March 27, 2019, Smith submitted a Special Education State Complaint Form to the Maryland State Department of Education ("the State"). On June 6, 2019, the State sent Smith a letter informing her that it was bound by the OAH decision and so would take no further action on her complaint.

On May 3, 2019, before both the OAH hearing and the OAH decision, Smith filed suit in the Circuit Court for Montgomery County, Maryland, submitting as her Complaint a document identical to the one she attached to her Special Education State Complaint Form and the second page of an April 17, 2019 letter from the State listing the alleged violations of federal and state regulations that it believed were asserted to the State. In her Complaint, Smith expresses concerns with the education that her daughter was receiving and states that she would like her daughter to be placed in a private school for the upcoming school year. The Court construes her self-represented Complaint as asserting a claim under the IDEA. MCPS removed the case to this Court. This Motion followed.

**DISCUSSION**

In its Motion, MCPS argues that the Court must dismiss this case both because Smith failed to exhaust administrative remedies before filing suit and because her Complaint does not include sufficient facts to state a claim. Smith has not filed a memorandum in opposition to the Motion. Because the Court finds the MCPS's first argument dispositive, it need not reach MCPS's second argument.

MCPS is correct that parents seeking to enforce their children's rights under the IDEA must exhaust administrative remedies before they may file suit in federal court. The IDEA grants "the right to bring a civil action" to "any party aggrieved by" a decision on a due process complaint, 20 U.S.C. § 1415(i)(2)(A), and includes a time limit for filing suit in federal court that is tied to the issuance of a decision on a due process complaint, *id.* § 1415(i)(2)(B). Together, these sections reveal that a party must file a due process complaint and receive an order on that complaint before the party may file suit in federal court. Indeed, the United States Court of Appeals for the Fourth Circuit has "consistently held that a plaintiff must exhaust her administrative remedies before bringing such an action." *E.L. ex rel. Lorsson v. Chapel Hill-Carrboro Bd. of Educ.*, 773 F.3d 509, 513-14 (4th Cir. 2014); *see also Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist. RE-1*, 137 S. Ct. 988, 994 (2017) ("[A]t the conclusion of the administrative process, the losing party may seek redress in state or federal court.").

Here, Smith filed her Complaint on May 2, 2019, but the OAH hearing did not take place until May 20, 2019 and the OAH decision was not issued until May 31, 2019. It is thus undisputed that Smith failed to exhaust administrative remedies before filing suit. Although there are three "narrow" exceptions to this exhaustion requirement—"(1) when the administrative process would have been futile; (2) when a school board failed to give parents proper notification of their

administrative rights; or (3) when administrative exhaustion would have worked severe harm upon a disabled child"—there is no claim or evidence that any of these exceptions apply. *MM ex rel. DM v. Sch. Dist. of Greenville Cty.*, 303 F.3d 523, 536 (4th Cir. 2002). In these circumstances, the Court must dismiss this case.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that MCPS's Motion to Dismiss, ECF No. 12, is GRANTED, and the Complaint is DISMISSED. The Clerk is directed to CLOSE the case.

Date: March 27, 2020  /s/ *Theodore D. Chuang*
THEODORE D. CHUANG
United States District Judge